UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-cv-2068-SDM-AAS
    8:13-cr-534-SDM-AAS

QUINTON JUSTIN DAVIS
_____/

**ORDER**

Quinton Justin Davis files a petition for relief from judgment, which is generously construed as a motion under 28 U.S.C. § 2255. (Civ. Doc. 1) Although not written on the standard form, the motion contains sufficient information to conduct a preliminary review. Davis pleaded guilty to possessing a firearm after being convicted of a felony and received an enhanced sentence of 180 months as an armed career criminal. (Crim. Doc. 26) He moves to correct his sentence.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief [.]" Davis's motion is barred as an unauthorized second or successive motion to vacate, set aside, or correct sentence.

**I.     Background**

Under a plea agreement Davis pleaded guilty to possessing a firearm after being convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

Davis qualified for an enhanced sentenced under the Armed Career Criminal Act (ACCA) because of his four prior felony convictions, and he was sentenced to 180 months. He filed no appeal.

Instead, Davis filed a motion under Section 2255. (Crim. Doc. 30; *United States v. Davis*, 8:15-cv-946-SDM-EAJ) He claimed he received constitutionally ineffective assistance of counsel because counsel neither objected to his enhanced sentence nor appealed. After denial of the motion as meritless, Davis filed no appeal. Next, he moved to reopen his Section 2255 action. After denial of that motion as untimely and meritless, Davis again filed no appeal.

In his criminal case Davis submitted a petition for relief from judgment that is generously construed as a second motion under Section 2255 and docketed in this action. (Crim. Doc. 45 and Civ. Doc. 1) The United States moved to dismiss the petition as an unauthorized second or successive motion and refiled its motion to dismiss in this civil action. (Crim. Doc. 46 and Civ. Doc. 2) An earlier order directs Davis to respond to the motion to dismiss no later than October 3, 2024. (Civ. Doc. 3) To date, Davis has not complied.

**II.   Discussion**

In his second motion under Section 2255, Davis cites *Erlinger v. United States*, 602 U.S. 821, 834 (2024), which holds that the factual finding that the defendant's predicate offenses occurred on at least three separate occasions "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." He claims his sentence was improperly enhanced because the factual finding that his

four predicate offenses occurred on separate occasions was made by the district court at sentencing and not by a jury. He urges the district court to resentence him to 120 months.

After a criminal judgment is entered, "28 U.S.C. § 2255 allows [a defendant] one—and generally, only one—opportunity for a collateral attack. Before filing a 'second or successive' habeas petition, AEDPA requires a prisoner to obtain authorization from the appropriate court of appeals." *Telcy v. United States*, 20 F.4th 735, 740 (11th Cir. 2021). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). This rule "is grounded in respect for the finality of criminal judgments." *Calderon v. Thompson*, 523 U.S. 538, 55 8 (1998).

Davis's present motion is an unauthorized second or successive motion under Section 2255. Because Davis lacks authorization from the circuit court to file the motion, the district court is without jurisdiction to consider the motion. *See Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021) (explaining that without the requisite authorization, "the district court must dismiss a second or successive § 2255 [motion] for lack of jurisdiction"). To file a second or successive Section 2255 motion, Davis must first obtain authorization from the circuit court. *United States v. Handlon*, 97 F.4th 829, 834 n.2 (11th Cir. 2024) ("If Handlon—having already filed an unsuccessful motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255—wants to attempt to file a second or successive § 2255 motion, then he must first obtain authorization from the Court of Appeals.")

(quotation omitted)). The circuit court must certify that the second or successive Section 2255 motion contains "(1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[1] 28 U.S.C. § 2255(h).

### III. Conclusion

The motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as an unauthorized second or successive motion. The United States' motion to dismiss this action is **DENIED AS MOOT**. (Civ. Doc. 2) The clerk must **CLOSE** this case and enter a copy of this order in the criminal case.

ORDERED in Tampa, Florida, on October 22nd, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] The Supreme Court has not made *Erlinger* retroactive to cases on collateral review, and only the Supreme Court has the authority to do this.